IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| INSIGHT INVESTMENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:18-CV-00531-ALM-KPJ |
| | § | |
| ICON CONSTRUCTION, INC. and | § | |
| UNITED EXCEL CORPORATION, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are Insight Investments, LLC's Motion to Lift Stay (the "Motion to Lift Stay") (Dkt. 56) and Defendant United Excel Corporation's Motion to Compel Arbitration (the "Motion to Compel Arbitration") (Dkt. 60) (collectively, the "Motions"). On February 14, 2020, the Court held a hearing on the Motions (the "Hearing"). Upon review of the record and discussion at the Hearing, the Motion to Lift Stay (Dkt. 56) is granted, and the Court recommends that the Motion to Compel Arbitration (Dkt. 60) be denied.

**I.     BACKGROUND**

This case stems from a contract between the United States (the "Government") and Defendant United Excel Corporation ("United") regarding a Design Build Contract with the Government at Vance Air Force Base in Enid, Oklahoma ("Vance") (the "Government/United Contract"). *See* Dkt. 41 at 1–2. Pursuant to the Government/United Contract, United was to act as the prime contractor in repairing and modernizing the existing Air Force Base Medical Clinic. *See id* at 2. United was also required to provide a 179' x 60' modular office building, herein referred to as a Temporary Phasing Facility ("TPF") for use as a temporary medical facility for clinic staff displaced by the construction work. *See* Dkt. 57 at 1. United subsequently contracted with

1

Defendant Icon Construction, Inc. ("Icon") on September 12, 2017 (the "United/Icon Contract") (Dkt. 1-5), whereby Icon agreed to provide the TPF contemplated under the Government/United Contract. *See id.* at 2. Pursuant to the United/Icon Contract, Icon was to provide: (1) the TPF design and shell to the site; (2) the design and installation of necessary systems to the TPF; (3) warranty of the systems during the occupancy of the TPF; and (4) the dismantling of the TPF from the site upon completion of occupancy by the Government. *See id.*

In its performance under the United/Icon Contract, Icon leased the TPF from Insight Investments, LLC ("Insight") in December of 2017 (the "Icon/Insight Lease Agreement") (Dkts. 1-2, 1-3). Icon then subleased the TPF to United. *See* Dkt. 41 at 2. Pursuant to the Icon/Insight Lease Agreement, Icon agreed to pay Insight monthly payments beginning January 1, 2018, in the amount of $19,000.00, for a period of twenty months. *See* Dkt. 1-3. The Icon/Insight Lease Agreement stated that Insight was the owner of the TPF and granted Insight a security interest in the TPF. *See* Dkt. 1-2 at ¶ 6.

During the pendency of the United/Icon Contract, disputes arose regarding Icon's performance. While United has paid Icon some money pursuant to the United/Icon Contract, it has withheld the full amount based on allegations of delayed performance. *See* Dkt. 41 at 2. In turn, Icon has not paid Insight any money pursuant to the Icon/Insight Lease Agreement. *See id.*

## II.  PROCEDURAL HISTORY

Icon and United engaged in litigation in Texas state court regarding their disputes between themselves. *See id.* On July 26, 2018, Insight filed its Complaint (Dkt. 1), asserting breach of contract, unjust enrichment, trespass to chattels, conversion, and judicial foreclosure claims against Icon and unjust enrichment, trespass to chattels, and conversion claims against United. On February 1, 2019, Icon filed a Petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas. *See* Dkt. 44. United notified the Court

of Icon's bankruptcy filing (Dkt. 44) on February 18, 2019. The Court stayed the case against Icon on March 13, 2019. *See* Dkt. 47.

On February 22, 2019, Icon entered into an agreement with Insight in which Icon assigned its claims against United to Insight (the "Assignment Agreement"). *See* Dkt. 57-1. The bankruptcy court approved the Assignment Agreement on April 9, 2019. In the bankruptcy court's order approving the Assignment Agreement, the court ordered that Icon's assignment of claims to Insight was "subject to all defenses of [United,]" and that "nothing in the Assignment Agreement shall require Insight to defend claims brought by any party against [Icon]." Dkt. 57-2 at 1–2. The bankruptcy court's order further lifted the automatic stay to allow United "to assert any claims against [Icon]." *Id.* at 2.

On March 1, 2019, Icon filed suit against United in the United States District Court for the Western District of Oklahoma regarding issues related to the TPF. *See* Dkt. 57 at 4. United filed a Motion to Stay Proceedings and Compel Arbitration in the Oklahoma court and on April 24, 2019, the court granted the motion, stayed the proceedings, and ordered the parties to arbitration pursuant to the arbitration provision contained in the United/Icon Contract. *See id*. On April 30, 2019, United initiated arbitration proceedings against Icon with the American Arbitration Association (the "AAA"). *See id*. To date, no answer or other pleading has been filed by Icon or Insight. *See id*.

Since March 13, 2019, when the Court stayed all claims against Icon, the parties have continued to update the Court regarding the status of Icon's bankruptcy proceedings. *See* Dkts. 48, 50, 53, 54. On October 2, 2019, Insight filed the Motion to Lift Stay (Dkt. 56), wherein it requests that the Court permit Insight to proceed with its claims against United. On October 28, 2019, United filed the Motion to Compel Arbitration (Dkt. 60), wherein United requests that the Court compel Insight to arbitrate its claims asserted in this suit. As the issues presented in the Motions are interrelated, the Court held the Hearing on the Motions and considers them collectively below.

## III. ANALYSIS

Insight argues that because the bankruptcy court lifted the automatic stay, allowing United to assert United's claims against Icon, the Court should allow Insight to proceed with Insight's claims of unjust enrichment, trespass to chattels, and conversion against United. *See* 56 at 5. Insight notes that it can move forward with its case against United regardless of whether United and Icon are arbitrating their disputes pursuant to the United/Icon Contract. *See id*.

United contends that the claims asserted by Insight should be arbitrated because Insight's claims are functionally a contractual rent claim made under the Assignment Agreement based on a violation of the United/Icon Contract. *See* Dkt. 57 at 5. United further argues that because Icon assigned its claims against United to Insight under the Assignment Agreement, Insight may not assert its equitable claims against United. *See id*. Finally, United contends that allowing Insight to proceed against it in this suit, while arbitration is proceeding between United and Icon, may produce inconsistent results and result in an unfair advantage to Insight. *See id*.

At the Hearing, Insight agreed that if it were pursuing claims under the United/Icon Contract, it would be subject to the arbitration provision contained therein. However, Insight contends that it is seeking only to pursue its own claims—as opposed to those of Icon—against United, which are equitable in nature. Specifically, in its Complaint, filed prior to Icon's bankruptcy, Insight asserted claims against United for its use, enjoyment, and conversion of Insight's property—the TPF. *See* Dkt. 1 at 5–6.

The Court agrees with Insight. In its Complaint, which was filed on July 26, 2018, prior to Icon's bankruptcy, Insight asserted claims against United for its use, enjoyment, and conversion of Insight's property—the TPF. Though Insight now owns Icon's claims pursuant to the Assignment Agreement, and *may* assert those claims, Insight insists that it is not seeking to assert Icon's claims in this suit. Further, Insight presents that it did not assume any of Icon's obligations,

4

and thus, is not obligated to participate in the pending arbitration brought by United against Icon. *See* Dkt. 62 at 3.

Under Texas law, an assignee is only responsible for the assignor's obligations if the assignee expressly or impliedly assumes those obligations. *See NextEra Retail of Texas, LP v. Inv'rs Warranty of Am. Inc.*, 418 S.W.3d 222, 226 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("[T]he assignee of a contract is not responsible for the assignor's obligations unless he expressly or impliedly assumes them."); *see also Jones v. Cooper Indus., Inc.*, 938 S.W.2d 118, 124 (Tex. App.—Houston [14th Dist.] 1996, writ denied). The bankruptcy court's order approving the Assignment Agreement plainly states that "nothing in the Assignment Agreement shall require Insight to defend claims brought by any party against [Icon]." Dkt. 57-2 at 2. The Court thus finds that Insight only took assignment of Icon's potential legal claims against United rather than assuming the entirety of the contract with United, and thus, maintained the discretion of whether to assert those claims. *See* Dkt. 60-1 at 1, 3 ("Icon hereby assigns to Insight all of Icon's legal and beneficial right, title, interest in and ownership of lcon's claims against United Excel Corporation arising under that certain Contract. . . . As to each assigned claim, Insight agrees that in the event it elects, in its sole discretion, to [prosecute] any of the claims assigned to it from Icon by virtue of this Agreement, that Insight will do so diligently. . . ."). Accordingly, the Court cannot properly mandate Insight to participate in the arbitration between United and Icon, and Insight may assert its own claims against United.

Moreover, it is significant that Insight is not seeking to derive a benefit arising from the United/Icon Contract. In a similar case, *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005), the Texas Supreme Court considered whether a second-tier subcontractor was required to arbitrate a quantum meruit claim asserted against a contractor given that the contractor and first-tier subcontractor were co-signers to an agreement that included an arbitration provision. The Texas Supreme Court found that arbitration should not be compelled with regard to the

5

quantum meruit claim, even though but for the contract between the contractor and first-tier subcontractor, the second-tier subcontractor would have no basis to sue. *See id*. at 741. The Texas Supreme Court recognized that agreements between different tiers of contractors will be inherently related, but the second-tier subcontractor was a non-signatory to the contract containing the arbitration provision and was pursuing a claim independent of the contract. *Id.* Under Texas law, "a non-signatory should be compelled to arbitrate a claim only if it seeks, through the claim, to derive a direct benefit from the contract containing the arbitration provision." *Id.* at 741. Here, Insight is not a party to the United/Icon Contract, and it is not seeking to derive a direct benefit from the United/Icon Contract. Therefore, Insight should not be compelled to arbitrate its quantum meruit claim.

Finally, United's alleged fear of inconsistent results or Insight's ability to seek multiple bites at the apple is unwarranted given that Insight is seeking to pursue only its own claims against United in this suit. While it may choose to defend Icon and/or assert counterclaims of Icon against United in the pending arbitration, it has thus far chosen not to and has no obligation to do so.

### IV. CONCLUSION

The Court, therefore, finds that Insight Investments, LLC's Motion to Lift Stay (Dkt. 56) is **GRANTED**.

Additionally, the Court recommends that Defendant United Excel Corporation's Motion to Compel Arbitration (Dkt. 60) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C). The parties are directed to Local Rule CV-72(c) for page limitations on objections.

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from de novo review by the district court of

6

the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**So ORDERED and SIGNED this 25th day of February, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE