# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| INSIGHT INVESTMENTS, LLC, § § Plaintiff, § § v. § § ICON CONSTRUCTION, INC. and § UNITED EXCEL CORPORATION, § § Defendants. § § | CASE NO. 4:18-CV-00531-ALM-KPJ |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 14, 2020, the Court held a hearing on Insight Investments, LLC's Motion to Lift Stay (the "Motion to Lift Stay") (Dkt. #56) and Defendant United Excel Corporation's ("United") Motion to Compel Arbitration (the "Motion to Compel Arbitration") (Dkt. #60) (collectively, the "Motions").

On February 25, 2020, the Magistrate Judge entered an order that the Motion to Lift Stay be granted and proposed findings of fact and recommendations (the "Report") (Dkt. #75) that the Motion to Compel Arbitration be denied.

The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

The facts of the case are recited at length in the Report. Briefly, the substance of the Motions concerns an underlying contract between United and Defendant Icon Construction, Inc. ("Icon") (the "United/Icon Contract") (Dkt. #1-5). In its performance under the United/Icon Contract, Icon leased a Temporary Phasing Facility ("TPF") from Plaintiff Insight Investments, LLC ("Insight") (Dkts. #1-2, #1-3), and subleased the TPF to United (Dkt. #41 at p. 2). Icon agreed to pay Insight monthly payments for a period of twenty months (Dkt. #1-3).

Icon and United engaged in litigation in Texas state court regarding the contractual disputes between themselves. On July 26, 2018, Insight filed its Complaint (Dkt. #1), asserting breach of contract, unjust enrichment, trespass to chattels, conversion, and judicial foreclosure claims against Icon and unjust enrichment, trespass to chattels, and conversion claims against United. In the course of the litigation, Icon filed a Petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas, and the Magistrate Judge stayed the case against Icon and abated case deadlines as to all parties (Dkt. #47 at p. 2). On February 22, 2019, Icon assigned its claims against United to Insight (the "Assignment Agreement") (Dkt. #57-1). In an order approving the Assignment Agreement, the bankruptcy court lifted the automatic stay to allow United "to assert any claims against [Icon]" (Dkt. #57-2 at p. 2).

On October 2, 2019, Insight filed the Motion to Lift Stay (Dkt. #56), wherein it requested that the Magistrate Judge permit Insight to proceed with its claims against United. On October 28, 2019, United filed the Motion to Compel Arbitration (Dkt. #60), wherein United requested that the Court compel Insight to arbitrate its claims asserted in this suit. As the issues presented in the Motions are interrelated, the Magistrate Judge held the Hearing on the Motions and considered them collectively in the Report (Dkt. #75). The Magistrate Judge granted the Motion to Lift Stay

and recommended that the Motion to Compel Arbitration be denied. On March 9, 2020, United filed objections to the Report (the "Objections") (Dkt. #77), and on March 16, 2020, Plaintiff filed a response to the Objections (the "Response") (Dkt. #79).

## II. DISCUSSION

United raises two objections, both of which merely reassert the identical arguments made in its briefing and were thoroughly addressed in the Report. Courts in this jurisdiction overrule a party's objections to a magistrate judge's report where such objections are largely a restatement of arguments asserted in previous briefing submitted to the court and addressed in the magistrate judge's report. *See, e.g., Psara Energy, Ltd. v. Space Shipping, Ltd.*, No. 1:18-CV-00178-MAC, 2019 WL 1865918, at *1 (E.D. Tex. April 24, 2019). Nonetheless, the Court will address both of United's objections.

### A. Direct Benefit of the United/Icon Contract

United re-argues that Insight's claims are for rent (Dkt. #77 at pp. 1–2).[1] Though Insight asserts only equitable claims against United, United insists that Insight is really seeking a direct benefit of the United/Icon Contract, that is, rent payments owed to Icon, and thus objects to the Magistrate Judge's finding that Insight is not seeking to derive a direct benefit from the United/Icon Contract (Dkt. #77 at p. 3). To that end, United characterizes the "direct benefit," as "the flow of rent from United to Icon, and Icon to Insight" (Dkt. #77 at p. 3). Even under United's description of "direct benefit," Insight would be seeking an indirect benefit. In any regard, Insight is not seeking the direct benefit of the United/Icon Contract, but rather equitable claims based on United's use, enjoyment, and benefit of Insight's personal property.

---

[1] United asserted the same argument in previous briefing. *See* Dkt. #61 at pp. 5–6.

In the Report, the Magistrate Judge cited *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005), for the proposition that a non-signatory should not be compelled to arbitrate a claim if that claim does not seek to derive a direct benefit from the contract containing the arbitration provision (Dkt. #75 at p. 6). Noting that Insight was not a party to the United/Icon Contract and was not seeking to derive a direct benefit from the United/Icon Contract, the Report concluded that Insight should not be compelled to arbitrate according to provisions in the United/Icon Contract. United did not distinguish *In re Kellogg*, or present any case law demonstrating that Insight is in fact seeking a direct benefit of the United/Icon Contract. United also notes that Icon assigned its claims against United under the United/Icon Contract to Insight (Dkt. #77 at p. 3). Though this assignment would allow Insight to assert a claim for a direct benefit of the United/Icon Contract, Insight has instead maintained its own claims against United, which do not sound in contract, but in equity. This remains the issue, whether or not United describes the damages allegedly owed to Insight as related to payments made as "rent." United, without case law in support, merely asserts that it must be the case that Insight is seeking a direct benefit of the United/Icon Contract.

The Court finds no basis for United's insistence that Plaintiff is seeking a direct benefit of the United/Icon Contract and, therefore, this objection is **OVERRULED**.

### B. Avoiding Mandatory Arbitration

United objects to the Report's finding that Insight could not be compelled to arbitrate (Dkt. #77 at p. 4),[2] insisting that because Insight could assert Icon's contractual claims against United, which are subject to an arbitration clause, Insight itself must be subject to the United/Icon Contract's arbitration clause. United argues that Texas law does not allow for a party to recover

---

[2] United asserted the same argument in previous briefing. *See* Dkt. #60 at pp. 5–6, Dkt. #61 at pp. 6–7.

under an unjust enrichment theory or quantum meruit when there is an express contract. However, there is not an express contract between Insight and United, and Icon's assignment of its claims does not change that fact. As the Report stated, under Texas law, an assignee is only responsible for the assignor's obligations if the assignee expressly or impliedly assumes those obligations. *See NextEra Retail of Texas, LP v. Inv'rs Warranty of Am. Inc.*, 418 S.W.3d 222, 226 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("[T]he assignee of a contract is not responsible for the assignor's obligations unless he expressly or impliedly assumes them."); *see also Jones v. Cooper Indus., Inc.*, 938 S.W.2d 118, 124 (Tex. App.—Houston [14th Dist.] 1996, writ denied).

The Report found, and United does not contest, that "Insight only took assignment of Icon's potential legal claims against United rather than assuming the entirety of the contract with United, and thus, maintained the discretion of whether to assert those claims" (Dkt. #75 at p. 5).

Insight may functionally "avoid" arbitration by not asserting Icon's potential claims against United. But this result is not unjust or some perversion of standard legal strategy; the mere fact that Insight could have been compelled to participate in arbitration if it had chosen to assert claims under the United/Icon Contract does not mean that it should be compelled to arbitrate the claims it has *actually* asserted, which are separate and distinct from claims pursuant to the United/Icon Contract.

Finally, United presents a hypothetical fear of inconsistent results and argues the Report erred in dismissing this possibility (Dkt. #77 at p. 4). United argues it may proceed to arbitration against Icon and prevail, presenting the chance of an inconsistent result if Insight prevails against United in this Court (Dkt. #77 at p. 5). There is no risk of inconsistent results, however, because Insight's claims exist independent of Icon's potential claims against United. The only risk of inconsistent results would be if Insight attempted to pursue Icon's assigned claims against United.

As the Court has previously noted, Insight is not asserting, and is not required to assert, Icon's claims against United.

For these reasons, the objection that Insight is seeking to avoid arbitration is **OVERRULED**.

### C. Motion to Lift Stay

To the extent United also objects to the Magistrate Judge's decisions to grant Insight Investments, LLC's Motion to Lift Stay (Dkt. #56), the Court notes that United's only stated justification in the Objections is that the case should be stayed to allow for arbitration to conclude (Dkt. #77 at p. 5). For a non-dispositive issue such as the lifting of a stay, United is not entitled to the same level of review of the Magistrate Judge's decision as it is for dispositive determinations. Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. *See* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Under FRCP 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." The Court may modify or set aside a magistrate judge's order only if it is clearly erroneous or contrary to law. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

First, the Court finds the Magistrate Judge's decision was not clearly erroneous. Second, as the basis for United's objection regarding the Motion to Lift Stay is tied to its insistence that Insight should be compelled to participate in arbitration, the Court's determination that the Motion to Compel Arbitration is denied renders United's argument moot.

### III.     CONCLUSION

Accordingly, the objection to the Magistrate Judge's Order to grant Insight Investments, LLC's Motion to Lift Stay (Dkt. #56) is **OVERRULED**.

It is, further, **ORDERED** that Defendant United Excel Corporation's Motion to Compel Arbitration (Dkt. #60) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 15th day of April, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE